## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## FOR THE SECOND JUDICIAL DISTRICT AT WEST MEMPHIS

TERRY GLENN,

    Plaintiff,

vs.

Cause No.: 18CV-22-79

JURY DEMANDED

PHILLIP L. MUSE, RAINS & SONS
TRANSPORTATION, LLC, and WESTERN
FLYER EXPRESS, LLC,

    Defendants.



### COMPLAINT

COMES NOW the Plaintiff, Terry Glenn, and would show unto the Court as follows:

I.

That your Plaintiff, Terry Glenn, is a resident citizen of Shelby County, Tennessee; that your Defendant, Phillip L. Muse, is assumed to be a citizen and resident of Oklahoma County, Oklahoma, that your Defendant, Rains & Sons Transportation, LLC, is a limited liability company licensed and authorized to do business in the State of Oklahoma; that your Defendant, Western Flyer Express, LLC, is a limited liability company licensed and authorized to do business in the State of Oklahoma.

II.

That your defendant, Phillip L. Muse, was at all relevant times an agent or employee of the defendant, Rains & Sons Transportation, LLC, and was acting in the course and scope of his employment and for the benefit of Rains & Sons Transportation, LLC. Therefore, Rains & Sons Transportation, LLC is liable to Plaintiff for the negligent acts committed by Phillip L. Muse pursuant to the doctrine of respondent superior and for any negligence of its own.

III.

That your Defendant, Phillip L. Muse, was at all relevant times assumed to be driving with permission from the owner of the vehicle Defendant Western Express Flyer, LLC, and therefore, Defendant Western Express Flyer, LLC is liable for any act of negligence committed by Defendant Phillip L. Muse.

IV.

That on or about March 19, 2021, Plaintiff, Terry Glenn, while operating a 2020 Chrysler Voyager, was traveling on Southland Drive in West Memphis, Crittenden County, Arkansas. That Defendant, Phillip L. Muse, while operating a 2019 Freightliner, Oklahoma License 3CK429, assumed to be owned by and registered in the name of Western Flyer Express, LLC, was traveling on Southland Drive in West Memphis, Crittenden County, Arkansas, when without warning, Defendant did negligently and carelessly attempted to make a left turn, failed to maintain control of his vehicle, and drifted into Plaintiff's lane striking Plaintiff's vehicle. That the impact was so great it threw your Plaintiff, Terry Glenn, about in the vehicle, thereby causing serious injury to your Plaintiff.

V.

Plaintiff charges and alleges that the Defendant, Phillip L. Muse, was guilty of the following acts of common law negligence, each and every one of which was a direct and proximate cause of the Plaintiff's resulting damages, to wit:

a. In failing to devote full time and attention to the operation of his vehicle;

b. In failing to maintain a proper outlook;

c. In driving his vehicle too fast under the conditions prevailing;

d. In failing to use that degree of care and caution as was required under the existing circumstances and conditions for the safety of themselves and others properly upon the aforementioned street;

2

e. In failing to control the movement, momentum for direction of travel of his vehicle, or to turn or guide the same, as it was his duty to do so, as to avoid causing a collision to occur, then and thereby injuring Plaintiff.

V.

Plaintiff further charges and alleges that at the time of the accident in question, the following Statutes of the State of Arkansas were in full force and effect and were violated by Defendant, Phillip L. Muse:

27-51-104. Careless and prohibited driving.
(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.

27-51-302. Driving on roadways laned for traffic.
Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules in addition to all others consistent with this subchapter shall apply:
(1) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that movement can be made with safety;
(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:
(1) Improper or unsafe lane changes on public roadways;
(2) Driving onto or across private property to avoid intersections, stop signs, traffic control devices, or traffic lights;
(3) Driving in such a manner, or at such a speed, so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle;
(4) Driving too close to, or colliding with, parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares;
(5) Driving a vehicle which has any part thereof, or any object, extended in such fashion as to endanger persons or property;
(6) To operate any vehicle in such a manner which would cause a failure to maintain control;
(7) To operate or drive a vehicle wherein or whereon passengers are located in such a manner as to be dangerous to the welfare of such passengers; or
(8) To operate a vehicle in any manner, when the driver is inattentive, and such inattention is not reasonable and prudent in maintaining vehicular control.

VI.

As a direct and proximate result of the negligence of the Defendants, and resulting collision, the Plaintiff, Terry Glenn, suffered serious, painful and permanent injuries, and mental anguish; Plaintiff

incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiff's capacity for pleasure, business, work and the enjoyment of life have been impaired.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Terry Glenn, be awarded compensatory damages.

3. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

4. Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted,

_____
Larry "Jimmy" Peters, Esq. (#2020103)
jpeters@schwedlawfirm.com
Attorney for Plaintiff
Schwed, Adams & McGinley, P.A.
88 Union Avenue, 11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411

SCHWED, ADAMS & MCGINLEY, P.A.
is surety for the court costs of this cause.

_____
SCHWED, ADAMS & MCGINLEY, P.A.

4